Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

STOGOP REALTY CO., INC., et al., Respondents, *v.* NATIONAL SURETY COMPANY et al., Appellants.

*Principal and surety — landlord and tenant — action to recover upon surety bond for failure of lessee to make improvements as required by lease.*

*Stogop Realty Co., Inc.,* v. *National Surety Co.,* 216 App. Div. 198, affirmed.

(Argued October 7, 1926; decided October 22, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 23, 1926, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court. The action was to recover upon a surety bond for failure of the principal to complete certain alterations and improvements according to the terms of a lease between plaintiff as lessor and said principal as lessee.

*Carlisle Norwood* and *Thomas L. Walsh* for appellants.
*Ralph Wolf* and *Henry Abelson* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

KNUTE HAUGEN, Respondent, *v.* JOHN B. BREYMANN et al., Copartners under the Firm Name of GEORGE H. BREYMANN & SON, Appellants.

*Negligence — master and servant — ships and shipping — sinking of vessel through negligence of owner — action by seaman to recover for injury to health occasioned by fall into water.*

*Haugen* v. *Breymann,* 217 App. Div. 753, affirmed.

(Argued October 7, 1926; decided October 22, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 1, 1926, reversing a judgment in favor of defendants

entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial, in an action to recover for personal injury alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff was employed on a dredge belonging to defendants. During a night in February the dredge, while moored in the harbor, sank, and plaintiff in jumping to a scow alongside fell into water up to his waist, from which it is alleged he developed a cold resulting in tuberculosis. The Appellate Division held that the plaintiff established a *prima facie* case upon the question of defendant's negligence resulting in the sinking of the dredge, and that the question whether plaintiff's condition proximately resulted from defendant's negligence should have been submitted to the jury.

*Theodore H. Lord, James B. Henney* and *W. S. O'Connor* for appellants.

*Jacquin Frank* and *David M. Fink* for respondent.

Order affirmed and judgment absolute ordered against appellants on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

———————

ANNA S. ALLENDORF, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

*Negligence — railroads — carriers — injury to passenger from stepping into opening between platform and train.*

*Allendorf* v. *Interborough Rapid Transit Company*, 216 App. Div. 800, affirmed.

(Argued October 7, 1926; decided October 22, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 7, 1926, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, while attempting to board one of defendant's trains at